IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RIGOBERTO VASQUEZ-MARTINEZ,

    Defendant.

8:15CR206

**MEMORANDUM AND ORDER**

Before the court is defendant's motion alleging claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255, Filing No. 77.[1] One of the claims raised by the defendant is whether he was advised of his right to appeal and whether he asked counsel to file a notice of appeal. In accordance with *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014), the court conducted a hearing on only the appeal issue on August 16, 2017. The government responded to the § 2255 motion, contending that counsel was not ineffective in this case. Filing Nos. 81 and 82. The court will now address all issues raised in this § 2255 motion.

**BACKGROUND**

The government charged the defendant in Count 1 with possession with intent to distribute methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1), and in Count II with illegal re-entry in violation of 8 U.S.C. § 1326(a). Filing No. 2. Defendant entered into a plea agreement, Filing Nos. 63 and 64, and pled guilty to both counts on March 25, 2016. Filing No. 61. In his petition, defendant acknowledged he faced a mandatory minimum

---

[1] Defendant initially filed a motion to reduce sentence. Filing No. 74. Upon review, the court ordered the Clerk of Court to send AO Form 243 and gave the defendant until May 10, 2017, to file the same if he chose to file an action pursuant to 28 U.S.C. § 2255. Defendant then filed his motion to vacate, Filing No. 77. Accordingly, the court will deny Filing No. 74 as moot.

sentenced of 10 years and up to life imprisonment on Count I. The court sentenced defendant to a term of 70 months on Count I and 24 months on Count II, to be served concurrently. Defendant filed no direct appeal.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States,* 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal of right). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. 2010) (quoting Strickland, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King,* 595 F.3d at 853.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault,* 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland.*" *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

A defendant must knowingly and voluntarily enter into the plea agreement for it to be valid. *United States v. Andis,* 333 F.3d 886, 890 (8th Cir. 2003). To ensure that a defendant knowingly and voluntarily enters into the plea agreement, the district court should "properly question [the] defendant about his or her decision to enter that agreement." *Andis,* 333 F.3d at 890-91. The record shows the court questioned defendant extensively about his plea agreement to ensure that he understood what rights he was giving up. Defendant, during his plea hearing, also indicated he talked with his attorney, was satisfied

3

with his attorney, and agreed he should plead guilty. Defendant indicated that he understood his plea agreement and thereafter pled guilty.

### a. First Three Grounds for Relief

Defendant asserts three grounds for relief: Grounds One, Two and Three are titled as "Poor and ineffective legal counsel". Defendant alleges language barriers, failure to get him into the early disposition program, and failure to get him a sentence lower than 70 months as support for his claim of ineffective assistance of counsel.

The court finds defendant knowingly entered into the plea agreement for both counts. The record supports the defendant voluntarily and knowingly signed the Plea Agreement and the Petition to Enter a Plea of Guilty. Further, he had the assistance of a Spanish interpreter during the entire process. Further, defendant received the safety valve, and thus the statutory mandatory minimum no longer applied. His guideline range was a sentence of 70 – 87 months. The court gave him 70 months, which is clearly at the low end of the advisory guidelines and well below what would have been the mandatory minimum of 10 years. Even if counsel told defendant he might have received a lower than 70 month sentence, under these circumstances that does not show ineffective assistance. The Eighth Circuit has stated:

> Inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range.

*United States. v. Quiroga,* 554 F.3d 1150, 1155 (8th Cir. 2009); *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997) ("Where the conviction was entered on the basis of a guilty plea, the second part of the [Strickland] test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that "there is a reasonable probability

4

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (quoting, *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985)). In this case, defendant has made no showing that absent the alleged deficiency in performance by counsel he would have failed to plead guilty and would have instead gone to trial. Further, the Court notes that defendant was not eligible for the fast track early disposition. The only fast track program in Nebraska is for illegal-reentry offenses only. If, however, a defendant is being prosecuted for another offense, as in this case a drug offense, the defendant is not considered for this program. Accordingly, these claims are without merit.

### *b. Appeal*

Defendant next argues that his legal counsel did not apprise him of his right to appeal his sentence to the Eighth Circuit. During the hearing conducted before this court, Kelly Steenbock testified as to her 19 year experience as a criminal defense attorney and testified she advised the defendant of his right to appeal, and she met with him seven times with an interpreter present. She informed him the plea agreement contained a waiver of appeal. He voluntarily signed the petition to plea and the plea agreement. By telephone during the hearing, the defendant stated he did not understand that he was charged with both the drug charge and illegal reentry. The judge explained he pled to both and got concurrent sentences. The court gave defendant the safety valve. Without the safety valve the defendant would have gotten the ten year mandatory minimum. The court stated on the record that it credited Steenbock's testimony, and the record supports the fact that the defendant was advised of his right to appeal.

Defendant has not shown that counsel's actions were deficient nor that there is a reasonable probability of a different outcome. The court finds the claim is inadequate on its

5

face and the record affirmatively shows there is no ineffective assistance during the plea and sentencing phases of this case. Defendant plead guilty, he agreed he was guilty, he acknowledged the mandatory minimum sentence, and he received the safety valve reduction which saved him years of imprisonment. Accordingly, the court finds that the record is sufficient to dismiss defendant's claims.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to reduce sentence, Filing No. 74, is denied as moot;

2. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Filing No. 77, is denied and is dismissed;

3. A separate judgment will be entered in conjunction with this memorandum and order.

Dated this 18th day of August, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge